# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE G. DODDS,<br><br>　　　　　　　　Plaintiff,<br><br>vs. | CASE NO. 3:12-CV-02420-H (RBB)<br><br>**ORDER**<br><br>**(1) GRANTING MOTION TO DISMISS DEFENDANT HOOLE & KING, L.C. [Doc. No. 25]**<br><br>**(2) GRANTING MOTION TO DISMISS DEFENDANT CLYDE SNOW & SESSIONS, P.C. [Doc. No. 32]**<br><br>**(3) GRANTING MOTION TO DISMISS DEFENDANT TERRY JESSOP & BITNER, a Professional Law Corporation [Doc. No. 36]** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | VSM BUSINESS ASSOCIATES, INC.; FOLEY & LARDNER, LLP; HOOLE & KING, L.C.; NELSON, COOK & TAYLOR, PLLC; BACKMAN TITLE SERVICES LTD; BACKMAN TITLE COMPANY OF UTAH, a Utah Corporation; CAMARLOT INVESTMENTS, LLC; PROBE REALTORS, INC.; FIRST AMERICAN TITLE COMPANY; CORPORATION SERVICES COMPANY; WELLS FARGO BANK, National Association; CLYDE SNOW & SESSIONS, P.C.;TERRY JESSOP & BITNER, a Professional Law Corporation; JONES, WALDO, HOLBROOK & MCDONOUGH, P.C.; JONES WALDO HOLBROOK & MCDONOUGH; JUDGE JOHN PAUL KENNEDY, 3rd District Court, Salt Lake County, State of Utah; INTERNAL REVENUE SERVICE; UTAH STATE TAX COMMISSION; SALT LAKE CITY CORPORATION and DOES 1 to 100, inclusive, et al.,<br><br>                    Defendants. |

On November 29, 2012, Defendant Hoole & King, L.C. ("Hoole & King") filed a motion to dismiss the complaint. (Doc. No. 25.) On December 21, Plaintiff filed his opposition to Defendant Hoole & King's motion to dismiss. (Doc. Nos. 37, 40.) On December 28, 2012, Defendant Hoole & King filed its reply in support of the motion. (Doc. No. 42.) On December 10, 2012, Defendant Clyde Snow & Sessions, P.C. ("Clyde Snow") filed a motion to dismiss the complaint. (Doc. No. 32.) On December 21, 2012 Defendant Terry Jessop & Bitner, a Professional Law Corporation ("Terry Jessop") filed a motion to dismiss the complaint. (Doc. No. 36.) On January 4, 2013, Plaintiff filed his opposition to Defendant Terry Jessop's motion to dismiss. (Doc. No. 46.) On January 9, 2013, Defendant Terry Jessop filed its reply in support of its motion. (Doc. No. 50.) The Court submitted the motions on the papers pursuant to Local Civil Rule 7.1(d)(1). (Doc. Nos. 44, 49.) For the following reasons, the Court grants the motions to dismiss.

## Background

This action arises from the conveyance of title of real property located at 1018 East 800 South, Salt Lake City, Utah ("subject property"), in July of 2005. (Doc. No. 1-2 ("Complaint") at 4.) Plaintiff filed the instant Complaint on July 13, 2012, in the Superior Court of California, County of San Diego, and Defendant Internal Revenue Service ("IRS") removed the case to the Southern District of California. (Doc. No. 1.) Plaintiff alleges that the conveyance was conducted using a counterfeit check issued by Defendants Backman Title Services LTD and Backman Title Company of Utah (collectively "Backman"), as well as misrepresentations allegedly made or exacerbated by the other defendants. (Complaint at 4.)

On October 5, before the notice of removal was filed in the Superior Court of San Diego, that court entered minute orders granting motions to quash service of summons on each of the moving defendants on the grounds that the court lacked personal jurisdiction. (Doc. No. 25-2, Decl. of G. Och Ex. F; Doc. No. 32-2, Decl. of L. Levy Ex. F; Doc. No. 36-2, Decl. of B. Slome Ex. 7.)[1] The moving defendants all seek to dismiss the complaint on the grounds that this Court lacks jurisdiction over them.

///
///
///
///
///

---

[1] Under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Accordingly, the Court takes judicial notice under Federal Rule of Evidence 201 of three Minute Orders issued on October 5, 2012 in the Superior Court of California, County of San Diego, in Dodds v. VSM Business Associates, Inc., et al., Case No. 37-2012-00055346-CU-FR-NC, attached as Exhibit F to the Declaration of Gina E. Och in Support of Motion to Dismiss Defendant Hoole & King, L.C. from Action in Light of State Court's Order Granting Motion to Quash Service of Summons and to Dismiss for Lack of Personal Jurisdiction With Exhibits, Exhibit F to the Declaration of Laura M. Levy in Support of Motion to Dismiss Defendant Clyde Snow & Sessions, P.C. from Action in Light of State Court's Order Granting Motion to Quash Service of Summons and to Dismiss for Lack of Personal Jurisdiction With Exhibits, and Exhibit 7 to the Declaration of Brian Slome in Support of Motion to Dismiss Based Upon State Court Order Quashing Service of Summons. (Doc. No. 25-2, Decl. of G. Och Ex. F; Doc. No. 32-2, Decl. of L. Levy Ex. F; Doc. No. 36-2, Decl. of B. Slome Ex. 7.)

**Discussion**

In a civil action removed from state court, "[a]ll injunctions, orders and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.  Essentially, "[a]fter removal, the federal court takes the case up where the State court left it off." Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 887 (9th Cir. 2010) (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 436, (1974)). "The federal court treats everything that occurred in the state court as if it had taken place in federal court." Id. (quoting Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963) (ellipses omitted)). "Consequently, an order entered by a state court should be treated as though it had been validly rendered in the federal proceeding." Id. "[F]ederal rather than state law governs the future course of proceedings." Granny Goose Foods, 415 U.S. at 437.

A state court is not divested of jurisdiction over a removed case until the notice of removal is filed in the state court. See Gutierrez v. Empire Mortg. Corp., Case No. CV-F-10-0079-AWI-GSA, 2010 U.S. Dist. LEXIS 47358, 5-6 (E.D. Cal. Apr. 20, 2010) (holding state and federal courts have concurrent jurisdiction between time when notice is filed in federal and state court); Miller v. Aqua Glass, Inc., Case No. 07-3088-CL, 2008 U.S. Dist. LEXIS 55228 (D. Or. July 21, 2008) (same); see also Berberian v. Gibney, 514 F.2d 790, 792-93 (1st Cir. 1975); 16 Moore's Federal Practice - Civil § 107.31 (2012);14 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3737 (3d. ed.1998). Accordingly, the superior court in this case retained continuing jurisdiction over the matter until October 11, 2012, when the IRS filed the notice of removal in that court. The superior court issued its orders quashing service of summons for lack of personal jurisdiction over Defendants Hoole & King, Clyde Snow, and Terry Jessop on October 5, 2012. (See Doc. No. 25-2, Decl. of G. Och Ex. F; Doc. No. 32-2, Decl. of L. Levy Ex. F; Doc. No. 36-2, Decl. of B. Slome Ex. 7.)  Accordingly, this Court lacks jurisdiction over Defendants Hoole & King, Clyde Snow, and Terry Jessop in this case.

Additionally, the Court agrees with the reasoning of the superior court in finding no

jurisdiction over any of the moving defendants. The moving defendants are all Utah organizations with no regular contacts with the State of California and are therefore not subject to general jurisdiction in California. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004). Moreover, based on the complaint, there are no grounds for specific jurisdiction as none of the moving defendants have purposefully established contacts with California that relate to Plaintiff's cause of action. See Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1188-89 (9th Cir. 2002). The Court therefore concludes that there is no basis for exercising personal jurisdiction over any of the moving defendants in this case. Accordingly, the Court grants the motions and dismisses the complaint as against Defendants Hoole & King, Clyde Snow, and Terry Jessop for lack of personal jurisdiction.

### Conclusion

For the reasons stated, the Court dismisses Plaintiff's claims against Defendants Hoole & King, L.C., Clyde Snow & Sessions, P.C., and Terry Jessop & Bitner for lack of personal jurisdiction.

**IT IS SO ORDERED.**

DATED: January 15, 2013

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT